## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Jeongran Lee; Seoung Sun Bang; Hee Eun
Chung; Gi Eun Chung; Ha Eun Chung;
San Joo; Hyojin Noh; Meesol Noh,

                Plaintiffs-Petitioners,

v.

ALBERTO GONZALES, in his official capacity
as Attorney General of the United States;
MICHAEL CHERTOFF, in his official capacity
as Secretary of the U.S. Department of
Homeland Security; EMILIO T. GONZALEZ, in
his official capacity as Director of U.S.
Citizenship and Immigration Services; Paul
NOVAK, Jr., District Director of Vermont Service
Center; F. Gerard Heinauer, District Director of
Nebraska Service Center,

                Defendants-Respondents.

------------------------------------------------------------X

**Judge Berman**

**07 CIV 6470**
Civil Action No.
COMPLAINT: 07cv6470. RMB. ECF Case

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**


RECEIVED JUL 17 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, by their attorney, You & Associates, hereby alleges, upon information and belief, as follows:

### INTRODUCTION

1.    Plaintiffs-Petitioners, Jeongran Lee, Seoung Sun Bang, Hee Eun Chung, Gi Eun Chung, Ha Eun Chung, San Joo, Hyojin Noh, and Meesol Noh respectfully submit this Complaint for Declaratory and Injunctive Relief. Petitioners-Plaintiffs ("Plaintiffs") are professional registered nurses in various states, mostly residing in the east coast of the United States, whose applications for adjustment of status have been unlawfully denied.

The possession of their unrestricted Registered Nurse license enables them to file their applications to adjust status to permanent resident in the United States under Section 245(k) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(k). Each of the Plaintiffs has sought to adjust status to permanent residents, having met all the statutory requirements, as required by the INA. Despite meeting the statutory requirements Defendants' willful refusal to approve her adjustment application within the guidelines of the Immigration and Nationality Act ("INA") is causing irreparable harm to Plaintiffs and their families. Yet, United States Citizenship and Immigration Services ("CIS") has denied Plaintiffs' applications for adjustment of status numerous times. Due to Defendants' illegal actions, Plaintiffs are faced with imminent deportation and/or removal orders from the Immigration and Customs Enforcement ("ICE").

2. Defendants-Respondents ("Defendants") are officers of the Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("CIS"), the agencies responsible for the adjudication of applications for adjustment of status. CIS is a component of DHS.

3. Plaintiffs are applicants for adjustment of status who are *prima facie* eligible to adjust to permanent residents under § 245(k) of the INA, 8 U.S.C. § 1255 (k). Plaintiffs seek to adjust status to permanent residents as Congress authorized through the INA.

4. In failing to approve Plaintiffs adjustment applications, Defendant officers of DHS and CIS have violated the regulations of INA, 8 U.S.C. § 1153, 8 U.S.C. § 1255(k), and the Administrative Procedure Act ("APA") which are set forth in the agencies guidelines.

5.  Plaintiffs seek declaratory and injunctive relief to stop the unlawful denials of their adjustment applications, and to order the Defendants to accept, re-adjudicate and approve their previously - denied adjustment applications.

## JURISDICTION AND VENUE

6.  This Court has original subject matter jurisdiction under 28 U.S.C. §1331, as this is a civil action arising under the Constitution, laws or treaties of the United States. Plaintiffs claims also arise under the INA, 8 U.S.C. § 1101 *et seq.,* and regulations arising thereunder. This Court also has jurisdiction under 8 U.S.C. § 1153 to adjudicate the adjustment applications of the Plaintiffs because the responsible agency, the United States Citizenship and Immigration Services ("CIS"), violation of 8 U.S.C. § 1153, 8 U.S.C. § 1255(k) has unlawfully denied their applications despite the fact that they are eligible to adjust status in the United States. This court may grant relief in this action under 28 U.S.C. §2201 (Declaratory Judgment Act), and under the Administrative Procedure Act ("APA"), 5 U.S.C. § 704-706, which allows reversal of agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

7.  Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b) and §1391(e) because Respondents/Defendants ("Defendants") are officers or employees of agencies of the United States government, acting in their official capacity under color of legal authority, and a substantial portion of the events and omissions giving rise to the claims herein occurred in this District, and all Plaintiffs reside in this District. No real property is involved in this action.

8.  There are no administrative remedies available to Plaintiffs' to redress the grievances described herein. This Court has jurisdiction under 5 U.S.C. § 704 to review

CIS's decision in denying Plaintiffs adjustment applications because it is based on the legal conclusion that they are statutorily ineligible for adjustment of status which is a pure question of law. The Supreme Court held that federal courts do not have the authority to require a plaintiff to exhaust administrative remedies before seeking judicial review under the APA, where neither the relevant statute nor agency rules specifically mandate exhaustion as a prerequisite to judicial review. *Darby v. Cisneros,* 113 S. Ct. 2593 (1993); *Jaa v. United States INS*, 779 F.2d 569 (9th Cir, 1986).

9.    8 U.S.C. § 1252(a)(2)(B)(i), states "no court shall have jurisdiction to review – (i) any judgment regarding the granting of relief under section 1182 (h), 1182 (i), 1229b, 1229c, or 1255 of this title..." However, this section does not deprive this Court of jurisdiction because other federal courts have held that this "does not strip courts of jurisdiction to review nondiscretionary decisions regarding an alien's eligibility for" adjustment of status under § 1255. *Sepulveda v. Gonzalez*, 407 F.3d 59, 62-63 (2d Cir. 2005). The jurisdiction-stripping in § 1252 does not deprive federal courts of jurisdiction on pure questions of law. *See Gonzalez*, 407 F.3d at 62.

## PARTIES

Plaintiffs

10.    Plaintiff Jeongran Lee is a citizen of South Korea. She is a professional registered nurse and lives in Bronx County, N.Y. Plaintiff entered the United States on a B-2 visitor visa on May 15, 2004 with an expiration date of November 14, 2004. On June 9, 2004, Gotham Per Diem filed an immigrant petition for Plaintiff. Plaintiff filed her first Application to Adjust Status to Permanent Resident based on her approved immigrant petition on December 5, 2005, which was denied. On June 21, 2006, Plaintiff filed her

second application for adjustment of status. Her application was denied due to the lack of the Commission on Graduate Foreign Nursing School's ("CGNFS") Visa Screen Certificate. On June 7, 2007, Plaintiff filed her third application for adjustment of status.

11.     Plaintiff Seoung Sun Bang is a citizen of South Korea. She is a professional registered nurse and lives in Bergen County, N.J. Plaintiff entered the United States on a B-2 Visitor visa on April 16, 2003 with an expiration date of October 13, 2003. On December 19, 2003, Plaintiff filed her first application for adjustment of status which was denied on December 14, 2005. On December 6, 2005, Plaintiff filed a Motion to Reopen/Reconsider which was denied on March 7, 2006 due to the 245(k) issue. On April 5, 2006, Plaintiff's second application for adjustment was filed which was denied on May 24, 2007. On June 8, 2007, Plaintiff filed her third application for adjustment of status.

12.     Plaintiff Hee Eun Chung is a citizen of South Korea. She is the daughter of Seoung Sun Bang. As a child under Section 203(d) of the INA, Plaintiff is entitled to the same status, if accompanying or following to join, a parent. She lives with her family in Bergen County, N.J. Plaintiff entered the United States on a B-2 Visitor visa on April 16, 2003 with an expiration date of October 13, 2003. On December 19, 2003, Plaintiff filed her first application for adjustment of status which was denied on December 14, 2005. On December 6, 2005, Plaintiff filed a Motion to Reopen/Reconsider which was denied on March 7, 2006 due to the 245(k) issue. On April 5, 2006, Plaintiff's second application for adjustment was filed which was denied on May 24, 2007. On June 8, 2007, Plaintiff filed her third application for adjustment of status.

13. Plaintiff Gi Eun Chung is a citizen of South Korea. She is the daughter of Seoung Sun Bang. As a child under Section 203(d) of the INA, Plaintiff is entitled to the same status, if accompanying or following to join, a parent. She is lives with her family in Bergen County, N.J. Plaintiff entered the United States on a B-2 Visitor visa on April 16, 2003 with an expiration date of October 13, 2003. On December 19, 2003, Plaintiff filed her first application for adjustment of status which was denied on December 14, 2005. On December 6, 2005, Plaintiff filed a Motion to Reopen/Reconsider which was denied on March 7, 2006 due to the 245(k) issue. On April 5, 2006, Plaintiff's second application for adjustment was filed, which was denied on May 24, 2007. On June 8, 2007, Plaintiff filed her third application for adjustment of status.

14. Plaintiff Ha Eun Chung is a citizen of South Korea. She is the daughter of Seoung Sun Bang. As a child under Section 203(d) of the INA, Plaintiff is entitled to the same status, if accompanying or following to join, a parent. She lives with her family in Bergen County, N.J. Plaintiff entered the United States on a B-2 Visitor visa on April 16, 2003 with an expiration date of October 13, 2003. On December 19, 2003, Plaintiff filed her first application for adjustment of status which was denied on December 14, 2005. On December 6, 2005, Plaintiff filed a Motion to Reopen/Reconsider which was denied on March 7, 2006 due to the 245(k) issue. On April 5, 2006, Plaintiff's second application for adjustment was filed, which was denied on May 24, 2007. On June 8, 2007, Plaintiff filed her third application for adjustment of status.

15. Plaintiff San Joo is a citizen of South Korea. She is a professional registered nurse and lives in Passaic County, N.J. Plaintiff entered the United States on a B-2 Visitor visa on August 12, 2002 with an expiration date of February 9, 2003. Gotham Per Diem

immigrant petition filed on behalf of Plaintiff was approved on April 4, 2002. On November 2, 2002, Plaintiff filed her first application for adjustment of status which was subsequently withdrawn. On February 24, 2005 Plaintiff filed her second application for adjustment of status which was denied on August 23, 2005. On December 23, 2005, Plaintiff filed the third application for adjustment of status which was denied on June 1, 2006. On June 8, 2007, Plaintiff filed her fourth application for adjustment of status.

16.     Plaintiff Hyojin Noh is a citizen of South Korea. She is the daughter of Joo San. As a child under Section 203(d) of the INA, Plaintiff is entitled to the same status, if accompanying or following to join, a parent. She lives with her family in Passaic County, N.J. On November 2, 2002, Plaintiff filed her first application for adjustment of status which was subsequently withdrawn. On February 24, 2005 Plaintiff filed her second application for adjustment of status which was denied on August 23, 2005. On December 23, 2005, Plaintiff filed the third application for adjustment of status which was denied on June 1, 2006. On June 8, 2007, Plaintiff filed her fourth application for adjustment of status.

17.     Plaintiff Meesol Noh is a citizen of South Korea. She is the daughter of Joo San. As a child under Section 203(d) of the INA, Plaintiff is entitled to the same status, if accompanying or following to join, a parent. She lives with her family in Passaic County, N.J. On November 2, 2002, Plaintiff filed her first application for adjustment of status which was subsequently withdrawn. On February 24, 2005, Plaintiff filed her second application for adjustment of status which was denied on August 23, 2005. On December 23, 2005, Plaintiff filed the third application for adjustment of status which was denied on

June 1, 2006. On June 8, 2007, Plaintiff filed her fourth application for adjustment of status.

Defendants

18.     Defendant Alberto Gonzales is the Attorney General of the United States, and as such, is the head of the United States Department of Justice and the chief law enforcement officer of the United States under 8 U.S.C. §1255(a). Mr. Gonzalez is sued here in his official capacity.

19.     Defendant Michael Chertoff is the Secretary of the Department of Homeland Security ("DHS"). DHS is responsible for the administration and enforcement of the Immigration and Nationality Act and other laws relating to immigration. He is sued in his official capacity.

20.     Defendant Paul Novak, Jr. is the District Director of the Vermont Service Center, one of the designated regional service centers under CIS in the United States. Mr. Novak is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, he has decision-making authority over the matters alleged in this Complaint. He is sued in his official capacity.

21.     Defendant F. Gerard Heinauer is the District Director of the Nebraska Service Center, one of the designated regional service centers under CIS in the United States. Mr. Heinauer is responsible for the administration of immigration benefits and services including the processing of employment-based immigration petitions. As such, he has decision-making authority over the matters alleged in this Complaint. He is sued in his official capacity.

## LEGAL FRAMEWORK

22.  The INA allows persons who have meet certain eligibility requirements to adjust their status to permanent resident under 8 U.S.C. § 1255, INA Section 245. The CIS is the agency responsible for adjudicating applications for adjustments.

23.  A person seeking to adjust status to permanent resident must meet certain requirements, such as: (1) the alien must make an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255.

24.  An alien who is eligible to receive an immigrant visa under paragraph (1), (2), or (3) of section 203(b) (or, in the case of an alien who is an immigrant described in section 101(a)(27)(C), under section 203(b)(4)) may adjust status pursuant to subsection (a) and notwithstanding subsection (c)(2), (c)(7), and (c)(8), if: (1) the alien, on the date of filing an application for adjustment of status, is present in the United States pursuant to a lawful admission; (2) the alien, subsequent to such lawful admission has not, for an aggregate period exceeding 180 days: (A) failed to maintain, continuously, a lawful status; (B) engaged in unauthorized employment; or (C) otherwise violated the terms and conditions of the alien's admission. 8 U.S.C. § 1153.

25.  The Bureau of Citizenship and Immigration Services Office of Adjudications published a field instruction as to the definition of INA § 245(k) and its calculation method in Microsoft PowerPoint format. According to the instruction, all of the plaintiffs are eligible for INA §245(k), 8 U.S.C. § 1153 because their adjustment applications falls into Employment-based 3, skilled worker category. The instruction also states that, "the

180-day clock begins on the first day the alien falls out of status, and it ends on the date the alien files for adjustment of status."

26.     Under Section 245(c)(1), it states, "Subsection (a) shall not be applicable to …(2)subject to subsection (k), an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H)(I)(J) or (K)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States …" 8 U.S.C. 1255(c).

27.     Section 245(c) has a specific notation, "…*subject to subsection (k)*…" An alien may adjust under 245(k) if, "the alien, on the date of the filing an application for adjustment of status, is present in the United States pursuant to a lawful admission; the alien, subsequent to such lawful admission has not, for an **aggregate period** of 180 days, (a) failed to maintain, continuously lawful status; (b) engaged in unauthorized employment; or (c) otherwise violated the terms and conditions of the alien's admission."

28.     In Section 245(k), Congress specifically chose the term "*aggregate*" period of 180 days. According to Black's Law Dictionary the term "*aggregate*" is defined as, "*To collect (separate things) into a whole.*" Section 245(k) specifically includes this term rather than simply stating,… "subsequent to such lawful admission has not exceeded 180 days (a) failed to maintain, continuously lawful status …." This is especially crucial because the sentence is completely altered with the presence of the term "*aggregate*" and without the term "*aggregate*".

---

COMPLAINT                                             10

29.     The term aggregate is included to show that the 180 days is accumulated or a collection into a whole; or total number of days that the alien has failed to maintain, continuously lawful status.  Thus, we submit that Congressional intent was clear when the term "*aggregate*" was included in INA Section 245(k).  The question then becomes an issue of how to calculate the "aggregate" 180 days for purposes of 245(k).

30.     For purposes of section 212(a)(9)(B)(ii) of the Act, and for no other purposes or benefit under the Act, the CIS has designated the following as periods of stay authorized by the Attorney General: Properly filed, affirmative applications for adjustment of status under section 245 of the Act [including 245(i)], and properly filed, affirmative registry applications under section 249 of the Act.  The period of stay authorized by the Attorney General continues if the application is denied and renewed in proceedings, through review by the Board of Immigration Appeals.  The alien must, however, be eligible to renew the denied application in proceedings and have a legal basis for renewing that application."

31.     As shown by the evidence listed above, Plaintiffs' applications for adjustment of status under section 245 of the Act were properly filed.  Therefore, the period of stay authorized by the Attorney General is granted while Plaintiffs' application is currently pending denial or even if the application is denied so long as the application is eligible to be renewed in proceedings with a legal basis for renewing the application.

32.     The Thomas Cook memorandum dated April 2, 2003 titled "Guidance on Interpretation of Stay Authorized by the Attorney General" in determining "Unlawful Presence" under section 212(a)(9)(B)(ii) of the INA. ...." which was issued by CIS is clearly irrelevant to Plaintiff's denial of her application to adjust status to permanent

resident. This memorandum should not be applied to Plaintiffs because the memorandum addresses issues that involve extension or changing of one's nonimmigrant status, which is not present in the Plaintiffs case. Here, the Plaintiffs timely filed their applications to adjust status to permanent residents, having legally entered the United States. Plaintiffs' immigrant visa petitions and adjustment applications were filed when they were in lawful status. When their adjustment applications were denied due to a failure to submit a CGNFS Visa Screen Certificates or other reasons, Plaintiffs had a statutory right under 8 U.S.C. § 1255(k) to file their subsequent adjustment applications. The reasons CIS gave for the denials of their second adjustment applications were due to Plaintiffs' failure to qualify for section 245(k) of the INA. CIS stated in the denials that the record showed that the Plaintiffs failed to maintain, continuously, a lawful status, or engaged in unauthorized employment, or otherwise violated the terms and conditions of their nonimmigrant visa for a period in excess of 180 days since Plaintiffs last lawful admission.

33. Section 245(k) issues of regarding Plaintiffs' adjustment applications denials will be addressed using the timeline below, and the USCIS memo for calculating the 180-day clock. Plaintiff Seoung Sun Bang will be used as the example for the 245(k) 180-day clock issue. Plaintiff Seoung Sun Bang's 180-day clock did not start to run until March 14, 2005 when her initial adjustment application was denied. She re-filed her adjustment application on April 11, 2005 and stopped the clock, leaving her out of status for 28 days. From September 26, 2005 to December 6, 2005, she fell out of status for 71 days. Therefore, she used only 99 days out of statutory 180 days before the motion was denied on March 7, 2006. In addition, under the regulation, her status is deemed "in status"

while the motion was pending. During this time, her husband, who is employed abroad has been supporting Ms. Bang and her three daughters. Therefore, she is not ineligible based on unauthorized employment.

34. Furthermore, if every applicant who applies for immigrant status with BCIS was held to the same scrutiny, each and every applicant would not qualify to adjust, as it takes BCIS anywhere from up to 450 days to process this kind of case. It is for this very reason, BCIS created the 180-day clock calculation rule.

35. Although adjusting status is not an entitlement, when an alien seeks favorable exercise of the CIS's discretion, having *prima facie* met all of the statutory requirements, it is incumbent upon CIS to favorably adjudicate the adjustment applications for the alien. Plaintiffs justifiably seek approval of their applications for adjustment having met the criteria laid out by the Attorney General under 8 U.S.C. § 1255(k).

## FIRST CLAIM FOR RELIEF

### PROPER INTERPRETATION OF 8 U.S.C. § 1255, 245(k)

36. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 35 as if fully set forth herein.

37. Plaintiffs seek a determination by the Court that they meet the requirements to adjust status to permanent residents, and are to be adjusted to the status of a lawful permanent resident without further delay. Pursuant to 8 U.S.C. § 1255(k), this Court should exercise its discretion and properly interpret Section 245(k), using the timeline set forth above, and therefore granting Plaintiffs adjustment of status applications. Proper interpretation dictates that the Plaintiffs are not out of status, never exceeding an aggregate 180-day period as stated in 8 U.S.C. § 1255(k).

**COMPLAINT** 13

## SECOND CLAIM FOR RELIEF

## <u>REACCEPTANCE AND REOPENING OF PLAINTIFF'S ADJUSTMENT OF STATUS APPLICATION</u>

38. Plaintiffs repeat, allege, and incorporate paragraph 1 through 35 as fully set forth herein.

39. Defendants Alberto Gonzales, Michael Certify, Emilio Gonzalez, Paul Novak, Jr. and F.Gerard Heinauer have a pattern, practice, and culture of denying adjustment of status applications due to the miscalculation of the aggregate 180-day period under Section 245(k). A memo created by BCIS Office of Adjudications Section 245(k) indicates, "*The 180-day clock: <u>Begins on the first day the alien falls out of status</u> and <u>Ends on the date the alien files for adjustment of status</u>*." Instead of applying this standard, the CIS miscalculates the aggregate180-day period by not properly applying 8 U.S.C. §1255(k) as intended by INA.

## THIRD CLAIM FOR RELIEF

## <u>RETROACTIVE APPLICATION OF 180-DAY AGGREGATE PERIOD OUT OF STATUS WITH PROPER INTERPRETATION OF 245(k)</u>

40. Plaintiffs repeat, allege, and incorporate paragraph 1 through 35 as fully set forth herein.

41. This Court should apply the proper interpretation of the aggregate180-day period from the Cook memo and correlate that to Plaintiffs which makes the Plaintiffs statutorily eligible to adjust status to permanent resident under section 245(k) of the INA.

## FOURTH CLAIM FOR RELIEF

### WAIVER OF 3/10 YEARS BARS WHICH MAY APPLY TO PLAINTIFF BASED ON PREVIOUSLY DENIED ADJUSTMENT APPLICATION

42. Plaintiffs repeat, allege, and incorporate paragraph 1 through 35 as fully set forth herein.

43. Due to their previously denied adjustment applications, Plaintiffs are improperly considered to be "out of status," which may subject Plaintiffs to the three-and ten-year bars implemented by the Illegal Immigration Reform and Immigrant Responsibility Act (IIRAIRA), should Plaintiff depart the United States and seek to return. This Court

should waive all future action taken by CIS or Immigration and Customs Enforcement that may adversely affect the Plaintiffs immigration record associated with the denial of their adjustment of status applications.

## FIFTH CLAIM FOR RELIEF

### VIOLATION OF 5 U.S.C. § 706(2)(A) ADMINSTRATIVE PROCEDURES ACT

44. Plaintiffs repeat, allege, and incorporate paragraphs 1 though 35 as if fully set forth herein.

45. Plaintiffs have been adversely affected by the CIS agency's actions. Plaintiffs require favorable re-adjudication of the agency's arbitrary actions which were not in accordance with the law. The court also may hold unlawful and set aside agency action that, inter alia, is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 706(2)(A); in excess of statutory jurisdiction, authority, or limitations or short of statutory right," 5 U.S.C. § 706(2)(C); or "without

observance of procedure required by law," 5 U.S.C. § 702(2)(D). "Agency action" includes, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

46. Defendants' willful and unlawful refusal to grant favorable adjudication of Plaintiff application for adjustment of status may cause irreparable harm, in effect depriving Plaintiffs of their opportunity to obtain adjustment of status as lawful permanent residence and live lawfully in the United States.

47. Plaintiffs is therefore entitled to injunctive relief to "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2).

48. Due to the denial of their applications to adjust status Plaintiffs have suffered and continue to suffer irreparable harm and damages entitling them to declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

a. Assume jurisdiction over the matter;

b. Declaring Defendants' denials of their applications for adjustment of status are unlawful based on CIS miscalculation of 245(k) aggregate 180-day period rule;

c. Ordering Defendants to approve the Plaintiffs applications for adjustment of status;

d. Awarding reasonable attorneys' fees and costs of suit pursuant to the Equal Access Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

e. Ordering such further relief as the Court considers just and proper.

Dated:  New York, New York
        July 17, 2007

                                        Respectfully submitted,

                                        YOU & ASSOCIATES

                                        By:  Justin You, Esq.

                                        Justin You, Esq.
                                        YOU & ASSOCIATES
                                        130 W. 42nd Street, Suite 702
                                        New York, NY 10036
                                        Tel: 212.630.2608
                                        Fax: 212.504.8249

## PROOF OF SERVICE

I, Justin You, declare as follows:

I am a member of the bar of this Court, I am over the age of eighteen years, am not a party to the within action.

On this day, I served one copy of the foregoing COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF and CIVIL COVER SHEET on the following manner indicated:

By Hand Delivery

I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

Dated: July 17, 2007
New York, NY

_____
Justin You