


RECEIVED
OCT 17 2007
CHAMBERS OF
RICHARD M BERMAN
USDJ

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 4th Floor
New York, New York 10007

October 17, 2007

BY HAND

Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 650
New York, New York 10007

**MEMO ENDORSED**

p.4

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/17/2007

Re:   Lee v. Gonzales
      07 Civ. 6470 (RMB)

Dear Judge Berman:

    I am writing respectfully to request that the conference scheduled for November 1, 2007 in the above-referenced civil action be deemed a pre-motion conference, pursuant to Rule 2.A. of Your Honor's Individual Rules, for the purpose of discussing a motion by the Government, in lieu of an answer, to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient service, and failure to state a claim upon which the Court may grant relief, pursuant to Rules 12(b)(1), (2), and (5) of the Federal Rules of Civil Procedure.

    Plaintiffs are nationals of the Republic of Korea who are unlawfully present in the United States. See First Amended Complaint for Declaratory and Injunctive Relief, dated September 10, 2007 ("Complaint"), ¶¶ 10-17. They seek an order from this Court directing United States Citizenship and Immigration Services ("CIS") to: (a) vacate administrative decisions in which it denied their respective applications for discretionary adjustment of immigration status ("adjustment applications"), pursuant to § 245 of the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1255; and (b) approve the applications. See Complaint ¶¶ 1, 4-6, & "Prayer for Relief" ¶¶ b-d.

    This action is meritless and should be dismissed. As a threshold matter, the first named plaintiff, Jeongran Lee, is not properly joined by the remaining seven plaintiffs. Their claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences" as hers. Fed. R. Civ. P. 21. To the contrary, to the extent that each plaintiff seeks a discretionary adjustment of her immigration status, each presents a claim that is uniquely related to her specific situation.

    As the complaint makes plain, those situations are all different. For example, Jeongran Lee acknowledges having overstayed the temporary employment-based "B-2" visa under which she

Page 2
Honorable Richard M. Berman                                              October 17, 2007

entered the country, and claims the CIS denied her latest adjustment application because her foreign nursing school lacks a "visa screen certificate." Complaint ¶ 10. Plaintiff Seoung Sun Bang acknowledges having overstayed a similar visa as Jeongran Lee's, but claims her adjustment application was denied because she violated INA § 245(k), which relates to an alien's failure to comply with the terms of her temporary visa. Id. ¶ 11. Three other plaintiffs acknowledge having overstayed visas but claim they are eligible for adjustment as Seoung Sun Bang's children who are "following to join" her in this country. Id. ¶ 12-14. Two other plaintiffs claim they are eligible for adjustment as children "following to join" another plaintiff, San Joo. Id. ¶ 16-17. In sum, plaintiffs are misjoined because their claims are all different.

In any event, the Court lacks subject matter jurisdiction to consider those claims. This Office was recently informed by the CIS that Jeongran Lee and at least four other plaintiffs are the subject of ongoing administrative removal proceedings in which they are scheduled to appear shortly before Immigration Judges in New York and New Jersey. To the extent that plaintiffs seek to have this Court intervene in those proceedings, the Second Circuit has held that district courts lack jurisdiction to do so. See, e.g., Spina v. DHS, 470 F.3d 116, 123 (2d Cir. 2006); Gittens v. Menifee, 428 F.3d 382, 384-85 (2d Cir. 2005).

The Second Circuit has also specifically held that district courts lack jurisdiction to consider adjustment-related claims by aliens in deportation hearings. Howell v. INS, 72 F.3d 288, 293 (2d Cir. 1995) ("the district court lacked jurisdiction to review the district director's denial of Howell's application for adjustment of status once deportation proceedings commenced, because she failed to exhaust her administrative remedies [including] the opportunity, pursuant to the regulations, to renew her application for adjustment of status before an immigration judge") (citations omitted); see also, e.g., Kadriovski v. Gantner, No. 04 Civ. 3168 (PKC), 2004 WL 2884261, at *4 (S.D.N.Y. Dec. 13, 2004) (dismissing adjustment-related claims of aliens in exclusion proceedings; noting "judicial relief would be imprudent in such a context because '[o]nce deportation proceedings have begun there will be no direct and immediate impact until after the final decision in the deportation proceedings, judicial review would interfere with the INS's adjudication process, the factual record has not been fully developed, and there is no final agency action'") (quoting Howell, 72 F.3d at 294 (Walker, C.J., concurring)).

Moreover, although plaintiffs allege jurisdiction under the federal question statute, 28 U.S.C. § 1331, see Complaint ¶ 6, they fails to identify an interest protected by the Constitution, or any federal statute or regulation, of which they have been deprived, see, e.g., Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936) ("To bring a case within [the] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."); Doe v. Civiletti, 635 F.2d 88, 94 (2d Cir.1980) (same). That is because it is well settled that aliens have no protected interest in their immigration status, let alone in the CIS's adjudication of their successive adjustment applications. See, e.g., Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990) (alien "ha[s no] inherent property interest in an immigrant visa"); Rahman v. McElroy, 884 F. Supp. 782, 787 (S.D.N.Y. 1995) (alien "do[es] not have a constitutionally-protected interest" in adjustment of immigration status).

Page 3
Honorable Richard M. Berman                                              October 17, 2007

Accordingly, judges in this District have consistently held that the Court lacks subject matter jurisdiction to compel the adjudication – let alone the approval – of adjustment applications, and have dismissed adjustment-related actions like plaintiffs'. See, e.g., Vladagina v. Ashcroft, No. 00 Civ. 9456 (DAB), 2002 WL 1162426, at *4 (S.D.N.Y. Apr. 8, 2002) (no jurisdictional basis to compel adjudication of adjustment adjudication), appeal dismissed, No. 02-6120 (2d Cir. Apr. 23, 2004) (summarily dismissing appeal where petitioner-appellant failed to object to Magistrate Judge's report and recommendation) (unpublished decision); Keane v. Chertoff, 419 F. Supp. 2d 597, 600 (S.D.N.Y. 2006); Espin v. Gantner, 381 F. Supp. 2d 261, 265 (S.D.N.Y. 2005); Hanif v. Gantner, 369 F. Supp. 2d 502, 505-06 (S.D.N.Y. 2005); Saleh v. Ridge, 367 F. Supp. 2d 508, 511 (S.D.N.Y. 2005); Zheng v. Reno, 166 F. Supp. 2d 875, 880-81 (S.D.N.Y. 2001); Sadowski v. INS, 107 F. Supp. 2d 451, 454 (S.D.N.Y. 2000); Maldonado-Coronel v. INS, 943 F. Supp. 376, 381 (S.D.N.Y. 1996); Rahman, 884 F. Supp. at 787.

Finally, although plaintiffs filed this case in July 2007, they have not effected proper service upon the Government and, as a consequence, the Court lacks personal jurisdiction over the Government. The Federal Rules require that service upon the Government be made by: (A) delivering a copy of the summons and complaint to the United States Attorney for the district in which the action is brought; (B) sending copies by registered or certified mail to the Attorney General of the United States; and (C) in certain cases, sending a copy of the summons and complaint by registered or certified mailed to a specified nonparty officer or agency of the United States. See Fed. R. Civ. P. 4(i)(1)(A)-(C); Armstrong v. Sears, 33 F.3d 182, 187 & n.4 (2d Cir. 1994) (discussing Rule 4(i)(1)); Davis v. United States, No. 01 Civ. 6356 (NRB), 2002 WL 31133030, at **3-4 (S.D.N.Y. Sept. 25, 2002) (where plaintiffs failed to effectuate proper service on Government officers, court lacked personal jurisdiction; dismissing complaint without prejudice).

Here, however, the Court's docket sheet contains no proof that plaintiffs have served this Office with their pleadings, and the Office has no record of such service upon it. See, e.g., Leon v. Ashcroft, No. 03 Civ. 3680 (LAK), 2003 WL 22937684, at *1 (S.D.N.Y. Dec. 11, 2003) (where plaintiff failed to serve United States Attorney, "[i]n consequence, the Court never acquired personal jurisdiction over the defendants"; dismissing complaint).

For these reasons, the Government respectfully submits that the complaint should be withdrawn or, failing its withdrawal, dismissed. Accordingly, the Government respectfully requests that the Court deem the November 1, 2007 conference to be a pre-motion conference for the purpose of discussing a dispositive motion by the Government.

Page 4  
Honorable Richard M. Berman

October 17, 2007

     I thank the Court for its consideration of this request, and respectfully further request that the Court direct this letter to be docketed as part of the record in this action.

Respectfully,

MICHAEL J. GARCIA  
United States Attorney

By: _____  
     F. JAMES LOPREST, JR.  
     Special Assistant United States Attorney  
     Tel. No.: (212) 637-2728

cc:   BY TELEFACSIMILE  
      AND FIRST CLASS MAIL

Justin You, Esq.  
You & Associates  
130 West 42nd Street, Suite 702  
New York, NY 10036

---

PLAINTIFFS TO RESPOND IN A BRIEF (2-3 pp. LETTER) BY 10/25/07.

SO ORDERED:  
Date: 10/17/07   /s/ Richard M. Berman  
Richard M. Berman, U.S.D.J.